UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCO HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| NORTH SHORE BAKING CORP. and | ) | |
| TEHIYA BENEZRA, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Marco Hernandez ("Plaintiff"), through his attorneys, and for his Complaint against North Shore Baking Corp. ("North Shore") and Tehiya Benezra, individually ("Benezra") (collectively "Defendants"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL") for Defendants' failure to pay him required overtime pay.

2. In one or more work weeks during the previous three (3) years, Defendants failed to pay Plaintiff overtime wages as required by the FLSA and IMWL at the rate of one and one-half times his regular rate of pay for the time he worked in excess of forty (40) hours in one or more individual work weeks.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b), pursuant to 28 U.S. C § 1331.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C.

1

§ 1391(b) because the events giving rise to Plaintiff's claims occurred in this judicial district.

5. This Court has supplemental jurisdiction over Plaintiff's Illinois overtime claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND FACTS

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant North Shore is an Illinois corporation.

8. Defendant Benezra is the owner and operator of North Shore, located at 2919 W. Touhy, Chicago, IL 60645, within this judicial district.

9. Defendant Benezra is involved in the day-to-day business operations of Defendant North Shore.

10. Ms. Benezra hires and fires employees, directs and supervises the work of employees, signs on North Shore checking accounts, including paychecks, and makes decisions regarding employee compensation and capital expenditures.

11. Defendant North Shore is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

12. Defendant North Shore is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

13. During the last three years, Defendant North Shore's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

14. During the course of his employment with Defendant North Shore, Plaintiff handled goods, including perishable food products that moved in interstate commerce.

15. Defendant North Shore was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

16. Defendant North Shore was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

17. Plaintiff was Defendant North Shore's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

18. Plaintiff was Defendant North Shore's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

19. Defendant Benezra was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

20. Defendant Benezra was Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

21. Plaintiff was Defendant Benezra's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

22. Plaintiff was Defendant Benezra's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

23. Defendant Benezra resides in this judicial district.

## FACTUAL BACKGROUND

24. Plaintiff worked for Defendants as a delivery driver from approximately 2010 to June 2018.

25. In one or more weeks during the prior three (3) years, Plaintiff worked for Defendants in excess of forty (40) hours in an individual work week.

3

26. In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay (or one and one-half times the higher of the applicable local or Illinois minimum wage) when he worked more than forty (40) hours per work week.

27. Instead, Plaintiff was paid his straight time regular rate for all time worked.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

28. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 207, for their failure to pay overtime wages to Plaintiff for the hours he worked in excess of forty (40) in one or more individual workweeks.

29. During his employment with Defendants, Plaintiff worked in excess of forty (40) hours in one or more individual work weeks.

30. During his employment by Defendants, Plaintiff was not exempt from the overtime pay provisions of the FLSA, 29 U.S.C. § 207.

31. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours individual work weeks.

32. When Plaintiff worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiff at one and one-half times his regular rate of pay. Instead, Defendants paid Plaintiff his straight time regular hourly rate of pay for all time worked.

33. Defendants' failure to pay overtime wages for hours Plaintiff worked in excess of

4

forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

34. Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the federal, State of Illinois or local minimum wage or Plaintiff's regular rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

35. At no time during his employment by Defendants was Plaintiff exempt from the overtime provisions of the IMWL.

36. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay.

37. During his employment with Defendants, Plaintiff worked in excess of forty (40) hours in one or more individual work weeks.

38. When Plaintiff worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiff at one and one-half times his regular rate of pay for time

worked in excess of forty (40) hours. Instead, Plaintiff was paid his straight-time regular rate of pay for all time worked.

39. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages of two percent (2%) of the amount of underpayment per month.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Judgment in the amount of one and one-half times the regular rate for all unpaid hours Plaintiff worked in excess of forty (40) hours per week;

B. Damages in the amount of 2% of the amount of the underpayments per month pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Prejudgment interest on the wages owed to the Plaintiff;

D. Reasonable attorneys' fees and costs incurred in bringing this action; and

E. Such other and further relief as this Court deems appropriate and just

Respectfully submitted,

Date: June 27, 2018

/s/Douglas M. Werman
One of the Attorneys for Plaintiff

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312)419-1008
Attorneys for Plaintiff